IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARCUS BLUE                                                          PETITIONER
ADC #123200

V.                              NO.  5:08cv00304 BSM-JWC

LARRY NORRIS, Director,                                              RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.   Any party may serve and file written objections to this recommendation.   Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Marcus Blue, an Arkansas Department of Correction (ADC) inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2).  He has filed two amendments (docs. 21, 26) to the petition.  Respondent concedes (docs. 9, 29) that Petitioner is in his custody and has exhausted all nonfutile state remedies, *see id.* § 2254(a-c), but argues that the petition should be denied for other reasons.  Petitioner has replied to these arguments (docs. 13, 20, 25).  For the reasons that follow, the petition should **denied** as untimely.

I.
Background

Following a jury trial in July 2006 in the Circuit Court of Pulaski County, Arkansas, Petitioner was convicted of two counts of kidnapping, two counts of aggravated robbery, and two counts of theft.  He was sentenced as an habitual offender to a cumulative imprisonment term of thirty-five years.  (Resp't Ex. A [doc 9-2, at 29].)  His convictions were

affirmed in a direct appeal. *Blue v. State*, No. CACR 06-1312, 2007 WL 1697322 (Ark. Ct. App. June 13, 2007) (unpub.) (Resp't Ex. B [doc. 9-6]).

On October 3, 2007, Petitioner filed a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37, alleging, *inter alia*, that his trial counsel rendered constitutionally ineffective assistance. (Resp't Ex. F [doc. 30-2, at 13].) The circuit court denied relief on the merits. *State v. Blue*, No. CR06-0155 (Pulaski Co. Cir. Ct. Nov. 19, 2007) (Resp't Ex. F [doc. 30, at 24]). On appeal, the Arkansas Supreme Court determined that the Rule 37 petition had not been timely filed and that, as a result, the circuit court did not have jurisdiction to grant relief on the petition and Petitioner could not prevail on appeal. *Blue v. State*, No. CR 07-1329, 2008 WL 660252, *1 (Ark. Sup. Ct. Mar. 13, 2008) (unpub.) (Resp't Ex. E [doc. 9-9]). According to the Arkansas Supreme Court, the mandate from the Arkansas Court of Appeals decision issued on August 1, 2007, and the sixtieth day from then was Sunday, September 30, making October 1, 2007, the deadline for filing a Rule 37 petition. *Id.*; *see* Ark. R. Crim. P. 37.2(c) (imposing deadline of sixty days from appellate mandate to file Rule 37 petition). Petitioner's Rule 37 petition had been filed on October 3, 2007, two days late, precluding any relief. *Id.*

There is no evidence or allegation that Petitioner sought any further post-conviction relief in state court.

Petitioner now brings this federal habeas petition, as amended,[1] advancing the following claims for relief:

---

[1]In his amendments, Petitioner struck five additional ineffective-assistance claims under Ground 3 and changed the wording of Ground 2 (*see* docs. 21, 23, 26, 27).

1.	The trial court erred in denying his directed-verdict motion because the state offered insufficient proof that he intended to rob the victims, that he was guilty of any of the charges, or that the charged crimes ever happened;

2.	His trial was rendered fundamentally unfair by the trial court's admission of a gun that was seized upon his arrest;

3.	Trial counsel rendered ineffective assistance because he did not seek any lesser-included jury instructions for the charged offenses of aggravated robbery and kidnapping; and

4.	The Arkansas Supreme Court denied Petitioner access to the court when it dismissed his Rule 37 appeal.

In response, Respondent argues that the petition should be dismissed for the following reasons: (1) the petition is barred in its entirety by the statute of limitations as set forth in 28 U.S.C. § 2244(d); (2) Grounds 1, 2 and 4 present only issues of state law and thus do not involve constitutional violations cognizable in this proceeding; (3) the Arkansas Court of Appeals' decision on Ground 1 is entitled to deference under 28 U.S.C. § 2254(d); and (4) Ground 3 and the constitutional aspect of Ground 2 are procedurally defaulted because Petitioner failed to properly present them to the state courts, *see Coleman v. Thompson*, 501 U.S. 722 (1991).

Because the Court agrees that the petition is time-barred, the alternative arguments for dismissal need not be addressed.

II.
Statute of Limitations

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for federal habeas relief within one year after the state conviction becomes final.  28 U.S.C. § 2244(d)(1)(A).  The time during which a properly filed application for

4

state post-conviction relief is pending is not counted toward the one-year limitations period.
*Id.* § 2244(d)(2).

     A.    <u>Section 2244(d)(1)(A): Conclusion of Direct Review</u>.

     The finality of a state court judgment is expressly defined by § 2244(d)(1)(A) as "the conclusion of direct review or the expiration of the time for seeking such review." *Jiminez v. Quarterman*, 129 S. Ct. 681, 685 (2009). "Direct review" encompasses review of the conviction by the United States Supreme Court. *Riddle v. Kemna*, 523 F.3d 850, 853 (8th Cir. 2008). The Supreme Court can review only judgments of a "state court of last resort," or of a lower state court if the state court of last resort has denied discretionary review. *Id.*; *see* Sup. Ct. R. 13.1; 28 U.S.C. § 1257(a) (Supreme Court can review by writ of certiorari "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had"). Under Rule 13.1, a defendant must file a petition for writ of certiorari within ninety days after entry of judgment by a state court of last resort or, if the judgment is from a lower state court, within ninety days after entry of an order by the court of last resort denying discretionary review. If the Supreme Court has jurisdiction to review a particular state court decision, the "expiration of the time for seeking [direct] review" under § 2244(d)(1)(A) includes this ninety-day period. *Riddle*, 523 F.3d at 853-55.

     However, where a direct criminal appeal was decided by an intermediate appellate court rather than a state court of last resort, and the defendant did not seek review from a state court of last resort, the ninety-day period for seeking certiorari is not included in the § 2244(d)(1)(A) calculation. *Id.* at 855. Instead, the judgment becomes final for purposes of § 2244(d)(1)(A) upon conclusion of direct review under the state's appellate procedure, which generally is issuance of the mandate by the intermediate court. *Id.* at 855-56

(Missouri law); *see Lawrence v. Florida*, 549 U.S. 327, 331-32 (2007) (Florida law); *Johnson v. State*, 900 S.W.2d 940, 951 (Ark. 1995) ("once the mandate has been handed down, the disposition of the case becomes final"); Ark. Sup. Ct. R. 5-3(a) (in all cases, mandate will be issued when appellate decision becomes final).[2]

Here, the Arkansas Court of Appeals affirmed Petitioner's conviction on June 13, 2007. Petitioner did not file a petition for rehearing, or a petition for review by the Arkansas Supreme Court, *see* Ark. Sup. Ct. R. 2-3, 2-4, and the mandate thus issued on August 1, 2007. Petitioner certifies that he placed his § 2254 habeas petition in the prison mailing system on November 10, 2008 (doc. 2, at 14), 467 days later. This date is undisputed and is deemed to be the date of filing. *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing); *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (timeliness of federal habeas petition measured from date delivered to prison authorities for mailing to court clerk).

The Court need not decide whether the Arkansas Court of Appeals is a state court of last resort under *Riddle*'s analytical framework[3] because, as explained below, the

---

[2]Under the Arkansas procedures, an appellate decision is "not final until the time for filing [a] petition for rehearing or, in the case of a decision of the Court of Appeals, the time for filing a petition for review has expired or, in the event of the filing of such petition, until there has been a final disposition thereof." Ark. Sup. Ct. R. 5-3(a). A litigant has eighteen calendar days to petition for rehearing, *id.* 2-3(a), and, following a decision of the Arkansas Court of Appeals, eighteen calendar days to petition the Arkansas Supreme Court for review, *id.* 2-4(a).

[3]"Identifying the state court of last resort requires an examination of the particular state court procedures." *Riddle*, 523 F.3d at 853. In *Riddle*, the Eighth Circuit's analysis focused on the Missouri Constitution's provisions regarding the state appellate courts, as well as the state rules governing transfers from the intermediate appellate court to the state supreme court. *Id.* at 853-55. *See Ben-Yah v. Norris*, 570 F. Supp. 2d 1086, 1089-94 (E.D. Ark. 2008) (under *Riddle* analysis, Arkansas Court of Appeals was not "state court of last resort" and thus habeas petitioner was not

limitations period ran continuously from whatever date his conviction became final until the filing of this habeas petition.  Even if given the benefit of the ninety-day certiorari period, Petitioner's habeas petition still would be untimely.  That is, this federal habeas petition was filed 467 days after the appellate mandate issued in Petitioner's direct appeal (August 1, 2007), or 377 days after the ninety-day certiorari period ended (October 30, 2007), making it untimely regardless of which triggering date is used.

B.      Section 2244(d)(2): "Properly Filed" State Post-Conviction Application.

As stated, the one-year limitations period is tolled while properly filed state post-conviction proceedings are pending.  A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The law is clear that an untimely state post-conviction application is not "properly filed" for § 2244(d)(2) tolling purposes.  *Allen v. Siebert*, 128 S. Ct. 2, 3-5 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005).

Under Arkansas law, a Rule 37 post-conviction petition must be filed within sixty days of entry of an appellate court mandate affirming a conviction.  Ark. R. Crim. P. 37.2(c).  Rule 37's time limitations are jurisdictional, and relief may not be granted on an untimely petition for post-conviction relief.  *Womack v. State*, 245 S.W.3d 154, 155 (Ark.

---

entitled to 90 days allowed for filing a certiorari petition); *but see Collier v. Norris*, 402 F. Supp. 2d 1026, 1028-30 (E.D. Ark. 2005) (although direct appeal concluded at state intermediate court, petitioner was precluded from obtaining additional review from Arkansas Supreme Court, and Arkansas Court of Appeals thus was deemed highest court of Arkansas and one from which he could have sought a writ of certiorari; therefore, 90-day period for seeking certiorari tolled limitations period).

2006).  Once it is determined that jurisdiction does not exist due to the untimeliness of a post-conviction petition, the case must be disposed of on that basis.  *Maxwell v. State*, 767 S.W.2d 303, 305 (Ark. 1989).

In Petitioner's case, the Arkansas Supreme Court clearly and unequivocally found that his Rule 37 petition, filed on October 3, 2007, was two days late and thus untimely under Arkansas law.  Petitioner says his Rule 37 petition was notarized on September 26, 2007,[4] and money for postage was deducted from his inmate account either that day or the next, September 26 or 27.  He says that, if the petition was placed in the prison mailing system on the day funds were deducted for postage, it would have arrived at the circuit clerk's office no later than September 28, well within the October 1 deadline.  He says the ADC did not mail his petition on time, which impeded him from getting it filed in a timely manner.  He also says he had limited knowledge of the law at the time he filed his Rule 37 petition.  (*See* doc. 2, at 8, 11, 13; doc. 20, at 1-2; doc. 25, at 1-2.)

Although applicable in federal court proceedings, the Arkansas Supreme Court has declined to adopt the "prison mailbox rule," which provides that a pro se inmate files a petition at the time it is placed in the hands of prison officials for mailing.  *Hamel v. State*, 1 S.W.3d 434, 435-36 (Ark. 1999) (also involving a Rule 37 petition filed two days late).  In the Arkansas state courts, an item tendered to a court is considered filed on the date it is file-marked by the clerk, not on the date it may have been placed in the mail.  *See id.*; *Leavy v. Norris*, 920 S.W.2d 842, 842 (Ark. 1996).

---

[4]The Rule 37 petition shows that it actually was notarized on September 25, 2007 (doc. 30-2, at 15).

A federal habeas court has no authority to order state court clerks to adhere to the federal prison mailbox rule in state proceedings, as "state procedural rules govern cases originating in state court." *Cantrell v. Norris*, No. 07-1847, 2008 WL 4527791, at *1 (8th Cir. Oct. 10, 2008) (unpub.).  Where a state court has applied its own state law in rejecting the application of the prison mailbox rule to the timeliness of a state-court filing, federal courts are obligated to defer to the state court's interpretation of state law and practice. *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (deciding not to disturb Ohio Supreme Court's express rejection of prison mailbox rule and determination that state post-conviction motion was not timely filed); *Adams v. LeMaster*, 223 F.3d 1177, 1181 (10th Cir. 2000) (federal mailbox rule was inapplicable to question of whether state post-conviction petition was properly filed, which was a question of state procedural law); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (declining to extend prison mailbox rule to determination of whether post-conviction motion was timely filed in state court).

Simply put, when a state court finds that a state post-conviction petition is untimely under the applicable state provisions, "that [is] the end of the matter" for purposes of determining whether it was properly filed under § 2244(d)(2).  *Pace*, 544 U.S. at 414. Because Petitioner's post-conviction petition was determined to be untimely by the Arkansas Supreme Court, it was not properly filed under § 2244(d)(2); therefore, the time during which the Rule 37 petition and Rule 37 appeal were pending has no tolling effect on the one-year limitations period.  Further, the fact that the state circuit court denied Petitioner's Rule 37 petition on the merits does not alter this conclusion.  *Runyan v. Burt*, 521 F.3d 942, 944-45 (8th Cir. 2008) (state post-conviction petition that did not comply with

state filing requirements was not "properly filed" for federal tolling purposes even though state courts addressed merits).

C.    Section 2244(d)(1)(B): State-Created Impediment.

The running of the federal limitations period may be delayed by an "impediment to filing [a federal habeas] application created by State action in violation of the Constitution or laws of the United States, ... if the applicant was prevented from filing by such State action."  28 U.S.C. § 2244(d)(1)(B).[5]  Most importantly, the language of § 2244(d)(1)(B) concerns impediments to the pursuit of *federal habeas relief*, not state post-conviction relief as Petitioner alleges here.   Petitioner does not contend that he was unaware of the one-year federal limitations period or was prevented in any way from complying with it.  In *Pace*, the Supreme Court addressed the apparent unfairness to habeas petitioners who spend years exhausting state court remedies, only to discover their federal habeas petition is time-barred because their state petition was never "properly filed," stating that a prisoner seeking state post-conviction relief "might avoid this predicament ... by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."  *Pace*, 544 U.S. at 416; *see also Runyan*, 521 F.3d at 946 n.4; *Walker v. Norris*, 436 F.3d 1026, 1030-31 (8th Cir. 2006); *Curtiss v.*

---

[5]Two other provisions for a delayed starting date are inapplicable as Petitioner does not identify any United States Supreme Court case announcing a newly recognized, retroactively applicable constitutional right, 28 U.S.C. § 2244(d)(1)(C), or allege the existence of any newly discovered factual predicates, *id.* § 2244(d)(1)(D).  Furthermore, the constitutional rights at issue are well-established.   *See In re Winship*, 397 U.S. 358 (1970) (due process clause prohibits conviction except upon proof beyond reasonable doubt of each element of charged crime); *Romano v. Oklahoma*, 512 U.S. 1 (1994) (admissibility of evidence raises constitutional question if it "so infected the trial with unfairness as to make the resulting conviction a denial of due process"); *Strickland v. Washington*, 466 U.S. 668 (1984) (criminal defendant's right to effective assistance of counsel); *Bounds v. Smith*, 430 U.S. 817 (1977) (prisoners have clearly established constitutional right to "adequate, effective and meaningful" access to the courts).

10

*Mount Pleasant Corr. Facility*, 338 F.3d 851, 856 (8th Cir. 2003). Regardless of any uncertainty about his state court proceedings, nothing impeded Petitioner from filing a concurrent, protective habeas petition with the federal courts within the one-year time period. He knew, at the time of the Arkansas Supreme Court's decision on March 13, 2008, that his Rule 37 petition was being rejected as untimely, giving him ample time to file a timely federal habeas petition.

Section 2244(d)(1)(B) is inapplicable.

D.   Equitable Tolling.

Section 2244(d)'s one-year provision is a true statute of limitations, rather than a jurisdictional bar, and is thus subject to equitable tolling in addition to the mechanisms specified by statute. *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009). A habeas petitioner seeking to equitably toll the federal limitations period bears the burden of establishing (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented a timely filing. *Lawrence*, 549 U.S. at 336.

Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in determining that one year represents a fair and appropriate limitations period. *Runyan*, 521 F.3d at 945-46. Equitable tolling affords "an exceedingly narrow window of relief," and is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* at 945. It is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, any confusion about or miscalculations of the federal limitations period, or the

11

failure to recognize the legal ramifications of actions taken in state post-conviction proceedings. *See, e.g., Lawrence*, 549 U.S. at 336-37 (no equitable tolling due to confusion about the law, court-appointed counsel's miscalculation, or petitioner's alleged mental incapacity); *Pace*, 544 U.S. at 418-19 (no tolling due to "trap" created by post-conviction laws, where petitioner did not diligently seek state and federal relief, waiting five months after state post-conviction proceedings became final before seeking relief in federal court); *Runyan*, 521 F.3d at 945-46 & n.4 (petitioner's failure to comply with state filing requirements and failure to file protective federal habeas petition); *Finch v. Miller*, 491 F.3d 424, 427-28 (8th Cir. 2007) (petitioner's filing of three improper state post-conviction applications); *Jackson v. Ault*, 452 F.3d 734, 736-37 (8th Cir. 2006) (petitioner's attempt to obtain state post-conviction counsel), *cert. denied*, 549 U.S. 1123 (2007); *Walker*, 436 F.3d at 1032-33 (petitioner waited until shortly before filing deadline to send post-conviction petition to attorney); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (petitioner's misunderstanding of state post-conviction procedures).[6]

As illustrated by the cases cited above, any obstacles faced by Petitioner were certainly not extraordinary when measured according to those encountered by a typical prisoner who prosecutes a pro se federal habeas petition.

Furthermore, it is clear in the Eighth Circuit that a claim of actual innocence, standing alone, is insufficient to justify equitable tolling:

---

[6] *Riddle* held that equitable tolling may be justified where a petitioner establishes that he was lulled into inaction through reliance on subsequently abrogated Eighth Circuit law holding that a Missouri conviction became final 90 days after affirmance by the Missouri Court of Appeals. *Riddle*, 523 F.3d at 857-58. As the 90-day period is immaterial here, the Court need not discuss the availability of equitable tolling on this basis.

> We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled.  For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

*Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002).  Although Petitioner asserts that he "is actual[ly] innocent of all charges" (doc. 13, at 7), he has not alleged – much less established – the existence of any action or inaction by the state or any state actor that prevented him, in the exercise of reasonable diligence, from raising his current factual and legal arguments in a timely federal habeas petition.  Absent obstructive state action, an actual-innocence claim simply cannot, under the current state of the law in the Eighth Circuit, entitle a petitioner to equitable tolling.  *Id.* at 977-78; *see also Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) (no equitable tolling where habeas petitioner alleged no state conduct that lulled her into inaction and she knew the factual basis for her actual-innocence claims at time of her conviction but sought no judicial review for fifteen years); *Freeman v. Norris*, 58 Fed. Appx. 667, 668 (8th Cir. 2003) (unpub.) ("Given Freeman's failure to show wrongdoing by the State prevented him from bringing a timely [habeas] petition, his reliance on actual innocence to invoke equitable tolling is misplaced.").

In summary, Petitioner filed this petition outside the one-year limitations period provided in § 2244(d), and he has not demonstrated that the period should be tolled or extended under any statutory provision or equitable principles.

III.
Conclusion

Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 2) should

be **denied** as untimely and this action should be **dismissed in its entirety with prejudice**.

DATED this 18th day of June, 2009.


_____
UNITED STATES MAGISTRATE JUDGE