# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**MARCUS BLUE**  **PLAINTIFF**
**ADC # 123200**

**v.**  **CASE NO. 5:08cv00304 BSM**

**LARRY NORRIS, Director,**  **DEFENDANT**
**Arkansas Department of Correction**

## ORDER

Plaintiff Marcus Blue moves for reconsideration of this court's August 11, 2009 order adopting Magistrate Judge Jerry W. Cavaneau's report and recommendations and judgment in favor of defendant Larry Norris. [Doc. No. 40]. The motion is denied.

Motions for reconsideration may be granted pursuant to Federal Rule of Civil Procedure 59(e) and 60(b). Although Blue does not state the rule upon which he relies, his motion will be liberally construed and examined under both 59(e) and 60(b) because he is proceeding pro se. Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment." Fed. R. Civ. P. 59(e). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care,* 141 F.3d at 1286. "We

have repeatedly stated that '[a]rguments and evidence which could, and should, have been raised or presented at an earlier time in the proceedings cannot be presented in a Rule 59(e) motion.'" *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (quoting *Moysis v. DTG Datanet*, 278 F.3d 819, 829 n. 3 (8th Cir. 2002)).

> Rule 60(b) states
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is justified only under "exceptional circumstances." *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005) (quoting *Watkins v. Lundell,* 169 F.3d 540, 544 (8th Cir.1999)).

In his motion, Blue states that he was unlawfully railroaded by Judge Willard Proctor and that he is innocent of all charges. He also states that his Rule 37 was purposefully sabotaged by Judge Proctor. While these assertions are quite inflammatory, nothing in the record supports them. Further, nothing in this case or in Blue's motion supports a claim of "manifest errors of law or fact" or "exceptional circumstances."

For the reasons set forth above, reconsideration of the August 11, 2009 order is

improper.  Therefore, Blue's motion for reconsideration [Doc. No. 40] is denied.

IT IS SO ORDERED this 5th day of November, 2009.

_____
UNITED STATES DISTRICT JUDGE