UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**MARCUS BLUE,**
**ADC # 123200**                                                                                      **PETITIONER**

**v.**                              **CASE NO. 5:08cv00304 BSM**

**LARRY NORRIS, Director,**
**Arkansas Department of Correction**                                       **RESPONDENT**

## ORDER

Petitioner, Marcus Blue, requests a certificate of appealability ("COA"). The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that an appeal from the dismissal of a habeas action cannot be taken unless the trial court or the court of appeals grants the prisoner a COA. 28 U.S.C. § 2253(c)(1). A COA will issue only when an applicant has "made a substantial showing of the denial of a constitutional right." *Winfield v. Roper*, 460 F.3d 1026, 1040 (8th Cir. 2006) (quoting 28 U.S.C. § 2253(c)(2)). Furthermore, there must be a demonstration that "a reasonable jurist" would find the court's disposition of the constitutional claims or procedural rulings "debatable or wrong." *See Tennard v. Dretke*, 542 U.S. 274, 276 (2004); *see also Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002). Finally, if a certificate of appealability is granted, the order must "indicate which specific issue or issues" may be challenged on appeal. 28 U.S.C. § 2253(c)(3).

Based upon well-established and controlling precedent, the court concludes that reasonable jurists would not find the court's rulings to be debatable or wrong. Accordingly, the court will deny petitioner's motion for a COA. If petitioner wishes to appeal the court's dismissal of his habeas action, he must obtain a COA from the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2253(c)(1).

2

Accordingly, petitioner's motion for certificate of appealability (Doc. No. 43) is denied.

Dated this 8th day of December, 2009.

_____
UNITED STATES DISTRICT JUDGE

2